```
BENJAMIN B. WAGNER
United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2772
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. 2:09-CR-0170-GEB |
|---|---|
| Plaintiff, | ) STIPULATION AND ORDER |
| | ) CONTINUING STATUS CONFERENCE |
| v. | ) HEARING AND EXCLUDING TIME |
| | ) UNDER THE SPEEDY TRIAL ACT |
| ROBERT L. CARR, and | ) |
| THERESA ANN CARR, | ) |
|   aka Teresa Carr, | ) |
|   aka Teri A. Carr, | ) |
| Defendants. | ) |

Whereas, by Order filed on May 30, 2012, the Court allowed defendant Robert Carr to substitute Jan Karowsky, Esq., in place of his former attorney, Michael Long, Esq.;

Whereas, Mr. Karowsky desires additional time to review the discovery, consult with his client, perform legal research and factual investigation, and determine the merits of a motion to withdraw Robert Carr's guilty pleas to Counts One, Two, and Sixty Nine of the Superseding Indictment previously entered on February 24, 2012;

1

Whereas, Theresa Carr's previous guilty pleas to the same counts was based on a plea agreement conditioned on a package deal with her husband and co-defendant Robert Carr, and, therefore, her sentencing should not go forward until after Robert Carr's motion to withdraw his guilty pleas is resolved or he repudiates any desire to file such a motion and, instead, reaffirms his guilty pleas,

It is hereby stipulated and agreed by the parties, through their respective counsel, that:

1.  The presently set June 15, 2012, at 9:00 a.m., status conference shall be continued to July 20, 2012, at 9:00 a.m.

2.  The Court shall find that this case remains unusual and complex as there are over 30 boxes of documents involved in this case and it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in the Speedy Trial Act, 18 U.S.C. § 3161.

3.  The continuance requested herein is necessary to provide new defense counsel for Robert Carr reasonable time to prepare, and advise Robert Carr regarding his client's defenses and any motion to withdraw his guilty pleas taking into account due diligence within the meaning of the Speedy Trial Act.

4.  Time from the date of this stipulation, June 13, 2012, to and including July 20, 2012, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C.

///
///
///

§ 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (reasonable time for defense counsel to prepare).

Dated:  June 13, 2012

    Respectfully submitted,

    DANIEL BRODERICK
    Federal Defender

    */s/ Douglas Beevers* (by phone authorization)
    _____

By:  DOUGLAS BEEVERS
    Assistant Federal Defender
    Attorney for Defendant
    THERESA ANN CARR

Dated:  June 13, 2012

    */s/ Jan Karowsky* (by email and phone authorization)
    _____

By:  JAN KAROWSKY
    Attorney for defendant
    Robert Carr

Dated:  June 13, 2012

    BENJAMIN B. WAGNER
    United States Attorney

    */s/ Samuel Wong*
    _____

By:  SAMUEL WONG
    Assistant U.S. Attorney

ORDER

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order.  Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that this case is unusual and complex and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161.  In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, June 13, 2012, to and including July 20, 2012, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (reasonable time for defense counsel to prepare).  It is further ordered that the June 15, 2012, status conference hearing date shall be continued to July 20, 2012, at 9:00 a.m.

Dated: 6/14/12

_____
GARLAND E. BURRELL, JR.
United States District Judge