IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:09-cr-00170-GEB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| | ) | |
| ROBERT L. CARR, THERESA ANN CARR, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Robert Carr shall file on the public docket no later than 4:00 p.m. on February 27, 2013, the page(s) and lines in the sealed transcript of the in camera proceeding held on May 18, 2012, that supports the following statement made in "Robert Carr's Response To Order to Show Cause" filed on February 21, 2013: "both of which <u>he was promised</u> at the in camera hearing would not occur." (Response to Order to Show Cause 3:1-2, ECF No. 81 (emphasis added).) Further, in light of Mr. Carr's request in the Memorandum he filed on February 6, 2013, in which he asks the Court to rely on the in camera proceeding held on May 18, 2012, for the purpose of invalidating his guilty plea "based on constitutional invalidity," (Memorandum, ECF No. 78), Mr. Carr is provided a further opportunity to show cause why the undersigned judge's statements in the following portions of the sealed transcript of the in camera proceeding held on May 18, 2012, should not be placed on the public docket: the Court's statements on page 1, lines 5 to and including 10; Mr. Long's statement on page 7, lines 3 to and including

1

1  6; the Court's statements on page 7, lines 7 to and including 8, and
2  lines 14 to and including 20; the Court's statements on page 10, line
3  19, to and including page 11, line 6; the Court's statements on page 11,
4  lines 16 to and including 20; and the Court's statements on page 13,
5  lines 9 to and including 11.

6       Mr. Carr filed a Memorandum on February 6, 2013, in which he
7  relied on what he said during that secret May 18, 2012 court proceeding,
8  to make what can be characterized as an informal motion. (Memorandum.)
9  Specifically, Mr. Carr argues:

> We are asking the Court to invalidate Mr. Carr's
> guilty plea based on constitutional invalidity. If
> the Court, for whatever reason, is unwilling to do
> so, we ask the Court for time to file a formal
> motion to withdraw his plea of guilty based upon
> his innocence and the constitutional invalidity of
> the plea itself.

14 (Id.) Condoning Mr. Carr's reliance on what is contained in a sealed in
15 camera proceeding to make a public motion could jeopardize the integrity
16 of the court process involved with the search for truth in a public
17 forum, which is so critical to the fair administration of justice.

18       To quote in part the Supreme Court decision in Parham v. J.R.,
19 442 U.S. 584 (1979), "'[F]airness can rarely be obtained by secret,
20 one-sided determination of facts decisive of rights. . . .' 'Secrecy is
21 not congenial to truth-seeking . . . . No better instrument has been
22 devised for arriving at truth than to give [all litigants an]
23 opportunity to [see the issues involved in a motion].'" Id. at 636–37
24 (quoting Goss v. Lopez, 419 U.S. 565, 580 (1975)).

25       If Mr. Carr fails to timely respond to this order, all
26 portions of the referenced transcript will be filed on the public
27 docket. Portions of the above referenced sealed transcript may be
28 ordered filed on the public docket notwithstanding Mr. Carr's response,

2

1  since it is evident what is at issue, and it appears that under the
2  circumstances what the Court has said about the issue should be filed on
3  the public docket.
4
   Dated:  February 22, 2013
5
6  _____
   GARLAND E. BURRELL, JR.
7  Senior United States District Judge