IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>ROBERT L. CARR, THERESA ANN CARR,<br><br>          Defendants. | 2:09-cr-00170-GEB<br><br>ORDER UNSEALING PORTIONS OF TRANSCRIPT OF THE MAY 18, 2012 IN CAMERA HEARING |

        An Order to Show Cause issued on February 22, 2013 ("OSC"), directing Defendant Robert L. Carr ("Defendant") to show cause why the following portions of the sealed transcript of the in camera proceeding held on May 18, 2012, should not be placed on the public docket:

> the Court's statements on page 1, lines 5 to and including 10; Mr. Long's statement on page 7, lines 3 to and including 6; the Court's statements on page 7, lines 7 to and including 8, and lines 14 to and including 20; the Court's statements on page 10, line 19, to and including page 11, line 6; the Court's statements on page 11, lines 16 to and including 20; and the Court's statements on page 13, lines 9 to and including 11.

(OSC 1:27-2:5.) The OSC issued, in part, "in light of Mr. Carr's request in the Memorandum he filed on February 6, 2013, in which he asks the Court to rely on the [May 18, 2012] in camera proceeding . . . for the purpose of invalidating his guilty plea 'based on constitutional invalidity.'" (OSC 1:19-23 (citing Def.'s Mem., ECF No. 78).)

        The OSC also directed Defendant to identify by page and line the portions of the sealed transcript, which support his statement in

1

his February 21, 2013 filing that unsealing "unnecessarily exposes the Defendant's confidential communications and it exposes him to the possibility of criminal prosecution, both of which he was promised at the in camera hearing would not occur." (Def.'s Resp. 2:24-3:2, ECF No. 81.)

Defendant filed a Response to the OSC on February 27, 2013. (ECF No. 83.) The Response states in full: "Robert Carr relies on the sealed transcript of the in camera hearing held on May 18, 2012, at 6:24 – 7:7 to support the statement in Mr. Carr's response on February 21, 2013 that '. . . both of which he was promised at the *in camera* hearing would not occur.'" (Id.)

Since Defendant has not shown why the referenced portions of the sealed transcript from the May 18, 2012 in camera proceeding should not be placed on the public docket, the attached redacted copy of the sealed transcript is filed.

Defendant bases his informal motion to withdraw his plea of guilty on what was said during the May 18, 2012 in camera proceeding. Permitting Defendant to support a publicly filed motion with what is contained in a sealed transcript could jeopardize the integrity of the court process involved with the search for truth in a public forum, which is so critical to the fair administration of justice. "[O]ur legal system is rooted in the idea that facts are best determined in adversary proceedings . . . ." United States v. Harris, 707 F.2d 653, 662 (2nd Cir. 1983). "Fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights. Secrecy is not congenial to truth-seeking . . . . No better instrument has been devised for arriving at truth than to give [all litigants an] opportunity to [see the issues involved in a motion].'" Parham v. J.R., 442 U.S. 584, 636–37 (1979)

(internal quotation marks, brackets and ellipsis omitted). Further, "[t]he public has a right to know the basis for [Defendant's motion] . . . , if [it] is granted. Similarly, the public has the right to know why [a motion is] not granted . . . ." United States v. Gonzalez, 927 F. Supp. 768, 783 (D. Del. 1996) (granting motion to unseal documents, which formed basis of Defendant's motion for new trial).

      For the stated reasons, the referenced portions of the transcript of the May 18, 2012 in camera proceeding are unsealed, and the attached redacted version of the transcript from that proceeding is filed.

Dated: March 6, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge