IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,        )
                                 )    2:09-cr-00170-GEB
          Plaintiff,             )
                                 )
     v.                          )    ORDER DENYING EACH
                                 )    DEFENDANT'S MOTION TO
ROBERT L. CARR, THERESA ANN      )    WITHDRAW PLEA AND SCHEDULING
CARR,                            )    SENTENCING HEARING
                                 )
          Defendants.            )
_____)
```

Each Defendant moves under Federal Rule of Criminal Procedure ("Rule") 11(d)(2)(B) to withdraw his or her guilty plea entered on February 17, 2012. Defendant Theresa Carr also seeks "to make an untimely objection to the pre-sentence report" in the event that her plea agreement is vacated. (Theresa Carr's Mot. to Allow Untimely Objection & Mot. to Withdraw Plea ("T.C.'s Mot.") 1:19-21, 2:1-3, ECF No. 92.)

The government argues each Defendant has expressly waived the right to file a motion to withdraw his or her guilty plea. (Gov't Mot. to Preclude Robert Carr from Renewing Mot. to Withdraw Guilty Pleas ("Gov't Mot.") 1:24-2:1, ECF No. 93; Gov't Opp'n to Defs.' Mots. ("Gov't Opp'n") 13:14-17, ECF No. 102.) The government also opposes each plea withdrawal motion on its merits, arguing, *inter alia*, that each Defendant has not met his or her burden of showing a "fair and just reason" for withdrawing the guilty plea. (Gov't Opp'n 2:1-3, 13:20-25.)

1

For the below-stated reasons, neither Defendant has shown a "fair and just reason" to withdraw his or her guilty plea. Therefore, each Defendant's motion to withdraw his or her guilty plea is DENIED, and decisions on the government's waiver arguments and Theresa Carr's motion to allow untimely objections to the pre-sentence report are unnecessary.

## I. LEGAL STANDARD

Rule 11(d)(2)(B) provides: "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal."

"A defendant does not always have the right to withdraw a plea because the decision to allow withdrawal of a plea is solely within the discretion of the district court." United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir. 2003). "The defendant has the burden to show a fair and just reason for withdrawal of a plea." Id.

"'Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the plea that did not exist when the defendant entered his [or her] plea*.'" United States v. Davis, 428 F.3d 802, 805 (9th Cir. 2005) (quoting United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004)).

## II. DISCUSSION

**A.  Robert Carr's Motion**

Mr. Carr argues he should be permitted to withdraw his guilty plea because "he entered his guilty plea[] under duress, not thinking clearly, knowing his then attorney [Michael Long] was not prepared to go to trial a few weeks later, and not believing he had any other viable

2

option." (Robert Carr's Mot. ("R.C.'s Mot.") 7:8-12, ECF No. 90.) Mr. Carr further argues: "[b]ecause of [Mr. Long's] ineffectiveness, lack of preparation for trial, and improper coaching and advice to Mr. Carr as to how to answer the Court's specific inquiries, [his] guilty plea[] w[as] not made knowingly, intelligently, or voluntarily." (Id. at 9:12-14.)

Mr. Carr filed a declaration in support of his motion, in which he declares that he and his wife "are innocent of all charges alleged against [them,]" Mr. Long did not adequately investigate "the facts and circumstances . . . which demonstrate [his] innocence[,]" and "[f]rom the outset, [Mr. Carr] never agreed with Mr. Long's assessment of [his] case." (Robert Carr Decl. ¶¶1, 4, 11; ECF No. 90-1.) Mr. Carr avers that "[he] prodded [Mr. Long] carefully about his trial preparation and knowledge of the case[, and Mr. Long] clearly was not ready to go to trial." (Id. at ¶19.) Mr. Carr also declares that he did not see a copy of the plea agreement until the morning of his change of plea hearing, he did not "have time to read the entire plea agreement[,]" and that he was "heavily sedated with muscle relaxers and Vicodin" that morning. (Id. at ¶¶22, 29.) Further, Mr. Carr avers that he told Mr. Long on the morning of his change of plea hearing that he was medicated and "not thinking clearly," and that Mr. Long "coached" him to deny taking any medication during the plea colloquy. (Id. at ¶30.) In essence, Mr. Carr declares that he "entered his [guilty plea] against [his] best judgment, under the duress of all the circumstances of the moment, in pain, and not thinking clearly." (Id. at ¶40.)

The government rejoins that Mr. Carr "has not met his burden of showing a fair and just reason for withdrawing the guilty plea[] as his proffered reasons are based on false information and lies." (Gov't

3

Opp'n 2:1-3.) Mr. Long prepared a declaration in support of the government's opposition, in which he "emphatically den[ies] that [he] . . . was ineffective as [Mr.] Carr's defense counsel and was not prepared for trial; . . . knew that [Mr. Carr] was under the influence of any medication at his change of plea hearing; and/or . . . advised him to hide the purported fact that he was under the influence of medication . . . during the change of plea hearing." (Long Decl. ¶5, ECF No. 102-1.) In his declaration, Mr. Long identifies his theory of defense and details his efforts to defend Mr. Carr. (Id. at ¶¶6-21, 23-25, 28-30.) Mr. Long also describes in his declaration the plea agreement negotiations with the government's counsel, Mr. Wong, and his communication with Mr. Carr concerning those negotiations. (Id. at ¶¶22, 26-27, 32-44.)

Mr. Carr's proffered reasons to withdraw his plea do not meet the "fair and just reason" standard. Although "[e]rroneous or inadequate legal advice may . . . constitute a fair and just reason for plea withdrawal," United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008), Mr. Carr has not shown that "the advice he received from [Mr. Long] was not within the range of competence demanded of attorneys in criminal cases." United States v. Hiett II, 220 Fed. Appx. 638, 638 (9th Cir. 2007). Mr. Carr's declaration does not provide any facts to support his conclusory statements that Mr. Long was unprepared for trial and/or conducted an inadequate investigation. See United States v. Gonzalez-Rodriguez, 395 Fed. Appx. 443, 444-45 (9th Cir. 2010) (denying motion to withdraw plea based upon claimed ineffective assistance of counsel stating the defendant "failed to present evidence substantiating his claims").

Further, Mr. Carr's allegations that his guilty plea was not entered by him knowingly, intelligently, or voluntarily, are belied by the plea colloquy record, and the manner in which Mr. Carr conducted himself at that proceeding. "[Mr. Carr] made no mention of being pressured to plead guilty [during the plea colloquy], and instead [stated under oath]" that he was "fully satisfied with the counsel, the representation, and advice given to [him] in th[e] case." (Change of Plea Tr. 6:23-7:1, ECF No. 67.) Mr. Carr further testified under oath at the plea colloquy that he was not "presently under the influence of any drug, medication, or alcoholic beverage of any kind[,]" had not "consumed any drugs, alcohol or medication in the last 24 hours[,]" and that he was "entering th[e] plea of guilty voluntarily because it was what [he] want[ed] to do." (Id. at 6:9-15, 7:12-14.) "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008); see also United States v. Castello, 724 F.2d 813, 815 (9th Cir. 1984) (stating the district court "was entitled to credit [the defendant's] testimony at the Rule 11 hearing over [his] subsequent affidavit").

Moreover, the undersigned judge conducted Mr. Carr's change of plea hearing, and during that hearing, "[Mr. Carr] satisfied [the undersigned judge] that he was competent and capable, was knowingly and intelligently waiving his rights, and was satisfied with his attorney's services." United States v. Andolini, 705 F.3d 335, 339 (8th Cir. 2013). Mr. Carr's "self-serving, post-plea claims that he [involuntarily] pled guilty fly directly in the face of his own plea hearing testimony." Id.

For the stated reasons, Mr. Carr has not presented a fair and just reason to withdraw his guilty plea. Further, "[n]o evidentiary

5

1  hearing is needed [since Mr. Carr's] allegations are . . . inherently
2  incredible and [include] mere[] conclusions [concerning Mr. Long's
3  representation] rather than statements of fact." <u>United States v.
4  Chambers</u>, 710 F.3d 23, 30 (1st Cir. 2013); <u>accord</u> <u>Andolini</u>, 705 F.3d at
5  338; <u>see also</u> <u>United States v. Erlenborn</u>, 483 F.2d 165, 167-68 (9th
6  Cir. 1973) (stating "[i]t was not error for the district court to deny
7  [the defendant's] motion for an [evidentiary] hearing" on a motion to
8  withdraw a guilty plea based in part on a claim of attorney coercion,
9  "when [the] defendant expressly represent[ed] in open court [during the
10 plea colloquy] that his plea [was] voluntary").

**B.  Theresa Carr's Motion**

Theresa Carr seeks to withdraw her guilty plea, arguing her plea agreement's "sentence of 3 months for a loss of $120,000 would create the appearance of unwarranted disparity with other §1B1.1 defendants who received sentences within the guidelines." (T.C.'s Mot. 4:16-19.)

The government rejoins:

> Theresa Carr moves to withdraw her guilty plea[] on the stated grounds that her anticipated 3-month sentence of incarceration as provided for in the [Rule] 11(c)(1)(C) plea agreement is so low that it creates an appearance of disparity between her and similarly situated defendants. She alleges no injury or prejudice to herself, if not allowed to withdraw her guilty plea[]. She has not satisfied her burden of showing a fair and just reason to allow her to withdraw her guilty plea[].

(Gov't Opp'n 13:20-25.)

Any apparent disparity between Mrs. Carr's requested three-month sentence and the sentences of other similarly situated defendants existed at the time she entered her guilty plea. Since the Ninth Circuit has "never held that [Rule 11(d)(2)(B)] embraces circumstances known to

a defendant at the time of a guilty plea[,]" <u>United States v. Mayweather</u>, 634 F.3d 498, 506 (9th Cir. 2010), Mrs. Carr has not presented a fair and just reason to withdraw her guilty plea.

### III. CONCLUSION

For the stated reasons, each Defendant's motion to withdraw his or her guilty plea is DENIED.

Sentencing for Robert Carr and Theresa Carr is scheduled to commence at 9:00 a.m. on May 17, 2013.

Dated:  May 14, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

7